AYRES, Judge.
This is an action by a tenant against his landlord for damages for the alleged destruction of 1400 bushels of soybeans, valued at $1.50 per bushel, grown on lands leased by plaintiff from defendant. Plaintiff alleged that, due to inclement weather, he was unable to harvest these beans before the expiration of the lease at the end of the calendar year; that defendant refused him permission to harvest the crop thereafter. In a supplemental petition, it is alleged that the lease was for a “crop year,” by reason of which it is contended plaintiff was afforded further time within which to harvest his crop. It is further alleged that defendant thereafter utilized the field as a pasture for his cattle, which consumed plaintiff’s beans. Specifically, plaintiff sought to recover judgment in the sum of $1,575.00 as the value of his ¾ interest in the crop of beans allegedly destroyed. From an adverse judgment, plaintiff appealed.
The court, after trial, concluded that plaintiff’s lease of the land upon which the crop was grown terminated with the calendar year 1961; that no extension of the lease was requested or agreed upon; and, moreover, that plaintiff failed to establish that he suffered any loss by defendant’s action through the grazing of his cattle upon the leased land after the termination of the lease.
Primarily concerned are only questions of fact. The record establishes these facts:
For the year 1961, whether it be for the calendar year or for a “crop year” as contended by the plaintiff, plaintiff leased from defendant, for agricultural purposes, a tract of 259 acres of land, 113 acres of which were for the purpose of planting cotton and the remainder for the planting of soybeans. By this lease, plaintiff’s interest was Yz of the cotton produced and ¾ of the beans. The lessor’s interest consisted of the remainder. On November 29, 1961, defendant gave plaintiff a written notice, by registered mail, of the termination of the lease as of December 31, 1961, and of his intention not to renew it.
The leased area herein primarily concerned is a tract of some 60 or 70 acres located at the rear of the remainder of the property and from which it was separated by a fence. This tract is low and poorly drained. Plaintiff failed to clear the drainage ditches or to connect them with drainage furrows across the field. The crop season, through the incessant rains, was characterized as a “wet” year. As a consequence, a very poor stand of beans was obtained. Wet weather and the lack of adequate cultivation contributed to a crop failure on this portion of the leased premises.
During the fall, efforts to harvest the crop were unsuccessful. The field was wet *253 and, in many places, water stood upon the ground. The harvesting machinery, a combine, bogged down. No further effort was made to harvest the crop until after January 1, 1962, when plaintiff’s employee drove the combine to defendant’s residence. The field, at the time, was too wet to permit the entrance of the machinery. During a snowfall the following morning, plaintiff returned his machinery to his own residence. No further efforts to harvest the crop were made.
On or about January 9, 1962, defendant’s son-in-law, who had theretofore been grazing his cattle, with plaintiff’s permission, upon the remainder of the leased property, opened the gate and permitted his cattle to graze the portion of the leased premises upon which plaintiff allegedly sustained a loss.
Whether the lease was for a calendar year only or for a “crop year,” under which plaintiff claims his rights to harvest the crop extended beyond December 31, 1961, are questions which, under the facts established to exist here, are unnecessary to determine.
In addition to a poor stand of beans, a rank growth of weeds and grass was generally prevalent throughout the field. Whatever the extent of production, which was small and meager, the beans actually produced were damaged by the many incessant rains. The consensus of the parties who testified on the question was that the crop could not have been profitably harvested. There is no adequate proof from which we can find that plaintiff sustained, by defendant’s acts, the destruction of any particular quantity of beans, or beans of any specific value.
Nor do we find, as urged by plaintiff in brief, that plaintiff is entitled to any relief under the provisions of LSA-R.S. 9:3203, which provides that
“Any lessor of property to be cultivated who fails to permit the lessee to occupy or cultivate the property leased, is liable to the lessee in an amount equal to the market value of the average crop that cortld have been grown on the land or on like land located in the immediate vicinity,”
because there is no showing of the market value of an average crop which could have been grown on the land or on land of a similar kind and character located in the immediate vicinity.
We therefore conclude, as did the trial court, that plaintiff has not established, by a preponderance of the evidence and to that degree of legal certainty as required by law, that he suffered damages by reason of defendant’s acts.
The judgment appealed is accordingly affirmed at plaintiff-appellant’s cost.
Affirmed.